IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OBM, INC., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No: 4:23-cv-1798 |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| LANCIUM LLC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff OBM, Inc. ("OBM") files this Complaint for Declaratory Judgment ("Complaint") against Defendant Lancium LLC ("Lancium") and alleges as follows:

**NATURE OF THE CASE**

1. This is an action for declaratory judgment on non-infringement arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, Title 35 of the United States Code.

2. OBM seeks a declaratory judgment that it does not infringe infringing U.S. Patent No. 10,608,433 ("the '433 Patent" or "Patent-in-Suit"). A true and correct copy of the '443 Patent is attached to this Complaint as **Exhibit A**.

3. Lancium's recent and ongoing threats to OBM and its history of asserting the '433 Patent against similar software companies in the cryptocurrency industry have created a substantial controversy of sufficient immediacy and reality that declaratory judicial resolution is necessary. Lancium has wrongfully accused OBM of infringing the '433 Patent and has offered unfavorable resolution terms that require OBM to cease offering its customers certain energy management

1

functionalities in Texas. OBM seeks a declaration from the Court to resolve the controversy and put an end to Lancium's threat.

## THE PARTIES

4. Plaintiff OBM, Inc. is a Delaware corporation with its principal place of business at 1 N Haven Street, Suite 3, Baltimore, Maryland 21224.

5. Upon information and belief, Defendant Lancium LLC is a limited liability company with its principal place of business at 6006 Thomas Road, Houston, Texas 77041.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, Title 35 of the United States Code.

7. This court has subject matter jurisdiction over action pursuant to 35 U.S.C. § 271 *et seq.* and 25 U.S.C. §§ 1331, 1338, and 2201-2202.

8. OBM brings this suit based on an actual, substantial, and continuing justiciable controversy existing between OBM and Lancium relating to the Patent-in-Suit that requires a declaration of rights by this Court.

9. This Court has personal jurisdiction over Lancium because it is a corporation having its principal place of business in Texas and because it regularly transacts business in this district and throughout Texas.

10. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391 because Lancium resides in this District.

## FACTS AND BACKGROUND

**ERCOT's Energy Curtailment Programs**

11.     In the early 2010's, the Electric Reliability Council of Texas ("ERCOT") announced various programs to assist ERCOT in maintaining the reliability of the electric grid in Texas by balancing load and generation.  Some of the programs offered by ERCOT included: (1) Demand Response; (2) Load Research Sampling; (3) QSE Services Available on Short Notice; and (4) Renewable Energy Credit.  As of the filing of the Complaint, ERCOT currently offers these programs.  *See* https://www.ercot.com/services/programs.  In addition to assisting in maintaining the reliability of the electric grid, participating in the programs offered by ERCOT to curtail energy use can provide a company with significant cost savings.

12.     Since the early 2010's, ERCOT has required companies to meet certain minimum qualifications in order participate in certain programs and implemented protocols and guidelines for program participants.  For example, in order for a company to participate as a Load Resource in the Demand Response program, the company must pass ERCOT's qualification testing program.  One such testing program is the Security-Constrained Economic Dispatch ("SCED") qualification test, which a company is required to pass in order to register as a Controllable Load Resource ("CLR")—a load resource capable of controllably reducing or increasing consumption under Dispatch control by ERCOT—with ERCOT.

**OBM's Foreman Offering Energy Solutions for Cryptocurrency Companies**

13.     OBM is a Baltimore, Maryland-based software company.  Since 2018, OBM has been providing data mining software solutions to cryptocurrency companies through its software management platform, Foreman.  Foreman provides for the remote monitoring and management of virtually all aspects of mining operations, particularly through its machine-level configuration

and automation of customer ASIC mining machines and GPU mining machines. Foreman further offers site and farm visualizations, reporting and diagnostics, security auditing, and integrations with non-miner devices (such as network switches, PDUs, cooling towers, etc.).

14. Cryptocurrency mining uses datacenters to mine and is an energy-intensive process. As such, many cryptocurrency companies have made attempts to reduce energy cost, which would, in turn, increase the value of the mined cryptocurrency. Many cryptocurrency companies operating in Texas have also begun participating in the many energy curtailment programs offered by ERCOT by qualifying and registered, for example, as a CLR with ERCOT.

15. In order to meet the energy curtailment demands of its customers, Foreman has a "Power Control" feature that provides a customer with the ability to adjust its energy consumption at a site to a specific megawatt target. Foreman also has the functionality to assist its Texas customers in passing ERCOT's SCED qualification test.

**Lancium Files Patents to Cover ERCOT's Energy Curtailment Programs**

16. The '433 Patent issued on March 31, 2020 from an application filed on December 4, 2019. The '433 Patent claims priority to U.S. Provisional Application No. 62/927,119, filed on October 28, 2019.

17. On its face, the '433 Patent identifies the inventors as Michael T. McNamara and Raymond E. Cline, Jr. The assignee on the face of the patent is Lancium LLC.

18. Upon information and belief, Lancium filed the patent application that resulted in the '433 Patent in order to cover and monopolize ERCOT's energy curtailment programs and other guidelines and requirements to qualify and participate as a CLR with ERCOT.

19. Lancium has filed patent infringement lawsuits asserting the '433 Patent against multiple cryptocurrency software companies, such as Layer1 Technologies, Inc., US Data King

Mountain LLC, U.S. Data Mining Group, Inc., and US Mining Infrastructure Operations, LLC, that offer services to assist its cryptocurrency mining customers in qualifying and participating as a CLR with ERCOT.  *See*, *e.g.*, *Lancium LLC v. Layer1 Techs., Inc.*, Case No. 6:20-cv-739 (W.D. Tex. 2020); *Lancium LLC v. US Data Mining Group, Inc. d/b/a US Bitcoin et al.*, Case No. 6:20-cv-344 (W.D. Tex. 2023).

20. Upon information and belief, multiple cryptocurrency software companies that are considering assisting its customers in participating in ERCOT's energy curtailment programs and qualifying and participating as a CLR with ERCOT have been approached by Lancium with threats of enforcing the '433 Patent.

**Lancium's Infringement Allegations to OBM**

21. Lancium has placed OBM under apprehension of a patent infringement lawsuit by alleging that the OBM's Foreman software infringes the Patent-in-Suit and thereafter proposing terms that would amount to a *de facto* injunction against OBM.

22. On or about November 17, 2022, Mr. Ian Rock, Lancium's Vice President of IT Operations, coordinated a meeting with OBM at the Texas Blockchain Summit, during which Mr. Rock and Mr. Ray Cline, Lancium's Chief Technology Officer, stated to OBM that use of Foreman could be infringing on one or more of Lancium's patents.

23. On or about April 3, 2023, legal counsel representing Lancium sent a letter to OBM stating that OBM's Foreman software "may be related to the subject matter of patented technology developed by Lancium" and specifically identified and attached the Patent-in-Suit.  The letter also states that Lancium "has attempted to reach out to you numerous times to discuss [OBM's] software but you have not responded."  The letter further asks OBM to reach out to Ian Rock, Vice President IT Operations at Lancium.  The letter concludes by stating that Lancium is "receptive to

5

commercial opportunities," but later communications demonstrate that this means Lancium wants to force OBM to exit the energy curtailment market. The legal counsel representing Lancium in the letter is the same legal counsel representing Lancium in previously filed patent infringement lawsuits involving the '433 Patent. A true and correct copy of the letter is attached to this Complaint as **Exhibit B**.

24. On or about April 4, 2023, in response to the letter, Daniel Lawrence, Chief Executive Officer of OBM, met with Mr. Rock of Lancium. At the conclusion of the meeting, Mr. Rock committed to sending business terms to OBM. No such business terms were provided.

25. After receiving no business terms from Lancium, on May 2, 2023, OBM's legal counsel sent a letter to Lancium stating that OBM's Foreman did not infringe the Patent-in-Suit. A true and correct copy of the letter is attached to this Complaint as **Exhibit C**.

26. On May 2, 2023, after the letter was sent to Lancium's counsel, Scott McFarland, Chief Revenue Officer of Lancium, emailed Mr. Lawrence of OBM to request another meeting between the parties.

27. On or about May 4, 2023, Mr. Lawrence and Mr. McFarland had a conversation. During that conversation, Mr. McFarland stated that "we're both trying to avoid litigation." Given Lancium's previous letter from its counsel, its representatives' continuing statements regarding infringement and litigation, and its litigation history of asserting the Patent-in-Suit against other cryptocurrency software companies offering energy curtailment services, Mr. Lawrence reasonably construed from these prior interactions with Lancium, including most recently Mr. McFarland's statement as being a reference to the risk of patent infringement lawsuit against OBM relating to the Patent-in-Suit. The parties agreed to meet again, and Mr. McFarland committed to drafting the business terms for next meeting.

28. On or about May 9, 2023, Mr. Lawrence had a follow-up meeting with Mr. McFarland to discuss Lancium's proposed business terms. During the conversation, Mr. McFarland proposed business terms that would require OBM to focus exclusively on miner management and preclude OBM from offering energy curtailment functionality within Foreman. The parties did not reach agreement at this meeting.

29. As a result of these continuing threats from Lancium, and notwithstanding OBM's strong belief that it does not infringe '443 patent, OBM has currently ceased offering its customers certain energy management functionalities in Texas.

30. An actual, justiciable controversy exists between OBM and Lancium. Lancium has alleged that OBM infringes Lancium's patents, specifically identified the '433 patent, discussed the possibility of litigation between Lancium and OBM, and launched a patent infringement lawsuit alleging infringement of the '433 patent against other cryptocurrency software companies. As such, Lancium's strategy of patent enforcement can be reasonably inferred as demonstrating intent to enforce the '433 Patent. And Lancium's recent correspondence, where it leveraged the threats about litigation over the '433 patent to propose terms that would force OBM from the Texas market, establishes that the present controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. Lancium's conduct puts OBM in an untenable situation where it must either exit the Texas market or live under the threat of a patent infringement lawsuit. Lancium is extracting extra-judicial patent enforcement by issuing threats that create uncertainty and insecurity and disrupts OBM's business. A declaratory judgment lawsuit is the only means for OBM to clear the air and conduct its business free from the threat of a patent infringement lawsuit.

## COUNT I – NONINFRINGEMENT OF THE '433 PATENT

32. OBM repeats and realleges each allegation contained in the foregoing paragraphs as if fully set forth herein.

33. OBM does not infringe, and has not infringed, any valid and enforceable claim of the '433 Patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

34. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., OBM is entitled to a declaration that the asserted claims of the '433 Patent are not and have not been infringed by OBM.

## DEMAND FOR A JURY TRIAL

35. OBM demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

OBM respectfully requests that this Court enter a judgment in its favor and grant the following relief:

A. An order declaring that Lancium take nothing.

B. A declaratory judgment that OBM does not infringe any claims of the '433 patent.

C. An order finding OBM the prevailing party and this case to be exceptional, and award OBM their reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

D. An order requiring Lancium to pay all fees, expenses, and costs associated with this action.

E. An award to OBM any such further relief as this Court and a jury deem proper and just.

Dated: May 16, 2023

Respectfully submitted,

Womble Bond Dickinson (US) LLP

By: /s/ Rodney R. Miller
Rodney R. Miller
Texas Bar No.: 24070280
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: rodney.miller@wbd-us.com

*Attorney-in-Charge for Plaintiff OBM, Inc.*

Of Counsel:

Womble Bond Dickinson (US) LLP
Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

Womble Bond Dickinson (US) LLP
Andrew Beverina (*pro hac vice* to be filed)
DC Bar No.: 464897
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Telephone: (202) 857-4411
Email: Andrew.beverina@wbd-us.com

Womble Bond Dickinson (US) LLP
James Dority (*pro hac vice* to be filed)
South Carolina Bar No.: 104627
550 South Main Street, Suite 400
Greenville, SC 29601
Telephone: (864) 255-5412
Email: james.dority@wbd-us.com

*Attorneys for Plaintiff OBM, Inc.*