**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| OBM, INC., | |
| Plaintiff, | Civil Action No: 4:23-cv-01798 |
| v. | **JURY TRIAL DEMANDED** |
| LANCIUM LLC, | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff OBM, Inc. ("Plaintiff" or "OBM") and Defendant Lancium LLC ("Defendant" or

"Lancium") filed this Joint Case Management Plan in accordance with the Court's Procedures,

Fed. R. Civ. P. 26(f), and P.R. 2-1 as follows:

**I.     Matters Discussed Pursuant to the Court's Procedures and Fed. R. Civ. P. 26(f)**

**1.     State where and when the meeting of the parties required by Rule 26(f) was
held and identify the counsel who attended for each party.**

Telephonic meetings were held on July 19 and August 10, 2023, and attended by the

following counsel:

| **For Plaintiff** | **For Defendant** |
|---|---|
| Rodney R. Miller | Craig D. Leavell |

**2.     List the cases related to this one that are pending in any state or federal court
with the case number and court.**

None.

**3.     Briefly describe what this case is about.**

This is currently a declaratory judgment action in which OBM seeks a declaration of non-

infringement of the claims of U.S. Patent No. 10,608,433, entitled "Methods and Systems for

1

Adjusting Power Consumption Based on a Fixed-Duration Power Option Agreement," assigned to Lancium.

4.      **Specify the allegation of federal jurisdiction.**

OBM alleges this action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over the matter pursuant to 35 U.S.C. § 271 *et seq.* and 25 U.S.C. §§ 1331, 1338, and 2201-2202.

5.      **Name the parties who disagree and the reasons.**

As set forth in its Motion to Dismiss (Dkt. 17), Lancium disputes that declaratory judgment (and thus subject matter) jurisdiction properly exists.

6.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Lancium, as part of its infringement investigation once OBM provides the necessary information, will assess whether additional parties should be added to this case, such as, for example, OBM's customer(s), who may be relevant to claims for indirect patent infringement as the underlying direct infringer(s).

7.      **List anticipated interventions.**

The parties do not anticipate any intervention.

8.      **Describe class-action issues.**

None.

9.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has served its initial disclosures.  The parties agree to exchange initial disclosures on or before September 8, 2023 as proposed in the parties' Agreed Scheduling Order

attached hereto as Exhibit A.  The parties note that the Agreed Scheduling Order attached hereto as Exhibit A assumes that the pending Motion to Dismiss (Dkt. 17) will be decided no later than September 1, 2023.  To the extent the Court decides the pending Motion to Dismiss after September 1, 2023, the parties will meet and confer to discuss whether the agreed schedule needs to be adjusted.

In conjunction with disclosures under Fed. R. Civ. P. 26(a), and without awaiting a discovery request, the parties propose that each party must disclose to every other party the following information, as required in this Court's model Discovery Order included in this Court's Model Order Setting Scheduling Conference for patent cases.  *See* http://www.txs.uscourts.gov/sites/txs/files/orderforconf.pdf.

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

(e)    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment; and

(f)    any settlement agreements relevant to the subject matter of this action.

**10.   Describe the proposed agreed discovery plan, including:**

**A.   Responses to all the matters raised in Rule 26(f).**

**i.   Timing and Subjects for Discovery**

The parties have agreed on a case schedule and a discovery plan based on the Court's model proposed scheduling order for patent cases as set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**ii.   Electronically Stored Information**

The parties are still negotiating the terms of an electric discovery order and will submit a proposal to the Court within a reasonable time.

**iii.   Privilege Issues**

The parties have agreed that privileged information inadvertently disclosed during discovery shall remain privileged within the scope and protections of Rule 502(b) of the Federal Rules of Evidence.  The parties agree that no privileged communications or documents created after the filing of this lawsuit are required to be logged on a privilege log.

**iv.   Limitations on Discovery**

The parties propose the following discovery limitations:

<u>Fact Depositions</u>:

- Fact depositions will be limited to 7 hours of testimony per witness.
- Absent a showing of good cause, the Parties propose that each side be limited to 10 fact depositions, including third party depositions.
- Multiple Rule 30(b)(6) depositions shall be permitted, with each notice counting as one deposition, and each limited to a total of 7 hours, regardless of the number of designees identified for that notice.

<u>Expert Depositions</u>:

- Depositions of experts will be limited to 7 hours of testimony per expert witness report, with each 7 hours (if needed) limited to the scope of one report.
- The parties agree that drafts of expert reports and communications with experts in this litigation shall be exempt from discovery.

<u>Interrogatories</u>:

- 25 per side.   The parties reserve the right to seek additional interrogatories, if necessary.

<u>Requests for Admissions</u>:

- The parties propose no limits to the number of requests for admissions.

<u>Requests for Production</u>:

- The parties propose no limits to the number of requests for production.

### v.       Orders Pursuant to Fed. R. Civ. P. 26(c) or 16(b) and (c)

The parties have agreed to the Proposed Protective Order attached hereto as Exhibit B. The parties have also agreed to the Supplemental Source Code Protective Order attached here to as Exhibit C.

### B.       When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff will serve its first set of interrogatories in the next few weeks and will do so through discovery as appropriate.

### C.       When and to whom the defendant anticipates it may send interrogatories.

Defendant served its first set of interrogatories on July 19, 2023 and will do so through discovery as appropriate.

### D.       Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff may take the depositions of persons with knowledge yet to be identified by Defendant through Initial Disclosures and discovery responses.  Plaintiff will complete such depositions by the parties' fact discovery deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**E.** **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant may take the depositions of persons with knowledge yet to be identified by Plaintiff through Initial Disclosures and discovery responses.  Defendant will complete such depositions by the parties' fact discovery deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**F.** **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff and Defendant will designate their expert(s) and provide opening reports for issues on which they have the burden of proof by the deadline set forth in the Scheduling Order.

Plaintiff and Defendant will designate their responsive expert(s) and provide rebuttal reports by the deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**G.** **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing any of Defendant's experts and will complete such depositions by the expert discovery deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates deposing each of Plaintiff's experts and will complete such depositions by the expert discovery deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.     Specify the discovery beyond initial disclosures that has been undertaken to date.**

Lancium served initial Requests for Production and Interrogatories on OBM on July 19, 2023.

**13.     State the date the planned discovery can reasonably be completed.**

The parties believe that discovery can be completed in accordance with the deadline set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties were unable to reach a settlement or find a way to resolve the case at this time.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties remain open to future discussions and efforts for resolution of the case, including mediation by the date set forth in the parties' Agreed Scheduling Order attached hereto as Exhibit A.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties believe that mediation may be useful at a later stage of this case.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to a trial before a United States Magistrate Judge.

**18.     State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a timely jury demand.

**19.     Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 35 hours for the parties to present the evidence in this case as the case currently exists.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendant's Motion to Dismiss (Dkt. 17).

**21.     List other motions pending.**

None.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.     List the names, bar numbers, addresses and telephone numbers of all counsel.**

*See* signature blocks for counsel below.

**II.     Matters Discussed Pursuant to P.R. 2-1**

Local Patent Rule 2-1 states that, in addition to the matters covered by Fed. R. Civ. P. 26, the parties must confer and address in their Joint Case Management Report the following topics:

**1.     Any proposed modification of the schedule provided in the Scheduling Order Template, which is available at the District's website.**

Any proposed modifications are noted in the parties' Agreed Scheduling Order attached hereto as Exhibit A.  The parties agree to extend a number of deadlines (i.e., the timeframe between deadlines).  The parties note that the Agreed Scheduling Order attached hereto as Exhibit A assumes that the pending Motion to Dismiss (Dkt. 17) will be decided no later than September 1, 2023.  To the extent the Court decides the pending Motion to Dismiss after September 1, 2023, the parties will meet and confer to discuss whether the agreed schedule needs to be adjusted.

**2.      A plan for completing electronic discovery.**

The parties are still negotiating the terms of an electric discovery order and will submit a proposal to the Court within a reasonable time.

**3.      The need for presenting technical tutorials to the presiding judge and the mode for such presentations (i.e., live testimony, video presentations) at or before the claim construction hearing.**

The parties have agreed to optionally provide the Court with any written tutorials concerning technology involved in the patent in issue by May 2, 2024 as set forth in the parties Agreed Scheduling Order attached hereto as Exhibit A.

In addition, the parties anticipate presenting technical tutorials to the Judge at the claim construction hearing.

**4.      Any deviations from and additions to the form protective order (available at the District's website).**

The parties have agreed on a proposed form of Protective Order, attached hereto as Exhibit B.  This proposal has minor additions to the standard form of protective order for the Southern District of Texas.  A redline showing the changes from the standard form is attached hereto as Exhibit D.

**5.      Whether any party desires to present live testimony at the claim construction hearing.**

The parties do not anticipate the need to present live testimony at the claim construction hearing at this time.

**6.      The need for and any specific limits on discovery relating to claim construction, including depositions of fact and expert witnesses.**

The parties do not request any limits on claim construction related discovery permitted under the Federal Rules of Civil Procedure and the Court's local Patent Rules.

**7.      The order of presentation at the claim construction hearing.**

The parties propose that the declaratory judgment Plaintiff will present first, the declaratory judgment Defendant will present second, and the declaratory judgment Plaintiff will have an opportunity to provide a short reply to declaratory judgment Defendant's presentation. However, if the Defendant files a counterclaim of infringement, then the Defendant will present first, the Plaintiff will present second, and the Defendant will have an opportunity to provide a short reply.

**8.      The scheduling of a claim construction prehearing conference after the "Joint Claim Construction and Prehearing Statement" provided in P.R. 4-3 has been filed.**

After the Joint Claim Construction and Prehearing Statement has been filed, the parties agree to confer and will attempt to agree to proposed constructions before Claim Construction Opening Briefs are due to be filed.

**9.      Whether pre- or post-AIA law regarding 35 U.S.C. § 102 is applicable to each patent-in-suit.**

Post-AIA law regarding 35 U.S.C. § 102 is applicable to the patent-in-suit.

**10.      Whether the presiding judge should authorize the filing under seal of any documents containing confidential information.**

The parties have agreed to the Proposed Protective Order attached hereto as Exhibit B. The parties have also agreed to the Supplemental Source Code Protective Order attached here to as Exhibit C.

Dated: August 15, 2023                          Respectfully submitted,

Barnes & Thornburg LLP                          Womble Bond Dickinson (US) LLP

By: *Daniel A. Valenzuela*                          By: */s/ Rodney R. Miller*
Daniel A. Valenzuela                                 Rodney R. Miller
Texas State Bar No. 24067918                   Texas Bar No.: 24070280
daniel.valenzuela@btlaw.com                    271 17th Street, NW, Suite 2400
2121 N. Pearl Street, Suite 700                 Atlanta, GA 30363

Dallas, Texas  75201
Telephone:  214.258.4150
Facsimile:  214.258.4199

Craig Leavell (*pro hac vice*)
IL State Bar No. 6256260
Craig.Leavell@btlaw.com

Bruce Ratain *(pro hac vice)*
IL State Bar No. 6324542
Bruce.Ratain@btlaw.com

One N. Wacker Drive
Suite 4400
Chicago, Illinois 60606
Telephone: 312.357.1313
Facsimile: 312.759.5646

*ATTORNEYS FOR DEFENDANT
LANCIUM LLC*

Telephone: (404) 888-7366
Email: rodney.miller@wbd-us.com

Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

Andrew Beverina (*pro hac vice*)
DC Bar No.: 464897
2001 K Street, NW, Suite 400 South
Washington, DC 20006
Telephone: (202) 857-4411
Email: Andrew.beverina@wbd-us.com

James Dority (*pro hac vice*)
South Carolina Bar No.: 104627
550 South Main Street, Suite 400
Greenville, SC 29601
Telephone: (864) 255-5412
Email: james.dority@wbd-us.com

*Attorneys for Plaintiff OBM, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 15, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.


*/s/ Rodney R. Miller*
Rodney R. Miller