# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| OBM, INC., | |
| Plaintiff, | Civil Action No: 4:23-cv-01798 |
| v. | **JURY TRIAL DEMANDED** |
| LANCIUM LLC, | |
| Defendant. | |

**SUPPLEMENTAL SOURCE CODE PROTECTIVE ORDER**

The Court enters the following Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."). It is hereby **ORDERED**:

WHEREAS, Plaintiff OBM, Inc. and Defendant Lancium LLC, hereafter referred to as "the Parties," believe that certain source code that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c)

IT IS HEREBY AGREED, subject to the Court's approval, that the Protective Order is supplemented as follows:

  1.    The term "Source Code" or "source code" as used in this Order includes at least computer code, scripts, assembly, binaries, object code, source code listings.

  2.    A producing party may designate source code as "RESTRICTED – CONFIDENTIAL SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code. Material designated as "RESTRICTED – CONFIDENTIAL SOURCE CODE" shall be subject to at least all of the protections afforded to the highest level of confidentiality under the Protective Order, but may not be disclosed to the receiving parties or employees (including in-house counsel) of a receiving party absent a specific agreement of the parties or court order.  Access to "RESTRICTED – CONFIDENTIAL SOURCE CODE" material shall be limited to outside counsel of record who have filed an appearance in this action for the receiving party[1] and up to three (3) outside consultants or experts (*i.e.*, not existing

---

[1] For the purposes of this paragraph, such counsel is defined to include the counsel's support personnel consistent with the needs of Paragraph 4(H), but not other attorneys.

employees or affiliates of a Party or a competitor, potential competitor, or affiliate thereof of a Party identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access Highly Confidential information under the Protective Order.

3.      Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

4.      The following additional restrictions shall apply to the inspection and production of RESTRICTED – CONFIDENTIAL SOURCE CODE, unless otherwise advised by the producing party or Ordered by the Court:

(A)     Any source code produced in discovery shall be made available for inspection, in a native electronic format allowing it to be reasonably reviewed and electronically searched. The producing party shall produce source code for inspection during normal business hours or other mutually agreeable times at an office of the producing party's counsel or another mutually agreed upon location. Prior to the first access by the receiving party of the source code, the receiving party must provide notice to the producing party at least seven (7) days prior to the date that the receiving party seeks review of the source code. After the first access of the source code by the receiving party, the receiving party must provide notice to the producing party at least three (3) business days prior to the source code access.

(B)     The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"). The receiving party's outside counsel and/or expert may request that commercially available licensed software tools for viewing and searching Source Code be installed on the Source Code Computer. The receiving party must provide the producing party with the CD, DVD, or weblink containing such software tool(s) at least five (5) business days in advanced of the inspection. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system) is prohibited while accessing the computer containing the Source Code. All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.

(C)     The producing party may object in writing to the installation of any such tool, and such tool shall not be installed until such objection is resolved. If the Parties are unable to agree on the additional requested software tools, they may seek an Order from the Court after making a good-faith effort to resolve their dispute.

(D)     The source code shall be produced as it is kept in the normal course of business, or as it would be collected in the normal course of business. The receiving party's outside counsel and/or Experts shall be entitled to take handwritten notes  relating to the source code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself. This limitation shall not apply to information regarding directory, file, and line number within the file, which information the producing party shall

2

make available to the extent that such information exists and can reasonably be provided without undue cost or burden. Such notes shall be labeled "RESTRICTED – CONFIDENTIAL SOURCE CODE." Handwritten notes transcribed must be limited to matters concerning this case. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. For avoidance of doubt, the producing party cannot review any notes made by the receiving party's representatives during any source code review and cannot monitor verbal communications of receiving party's representatives during source code review. For example, the producing party's representatives can monitor the receiving party's representatives from the opposite side of a glass wall, window, or the like.

(E)     Within five (5) business days of placing files on the Source Code Computer, the source code provider shall provide a manifest of the contents of the computer to include a list of source code files available for review to the extent practicable. This list must be updated within five (5) business days each time new files are added to the Source Code Computer.

(F)     No person shall copy, email, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designed Source Code, except as the receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial; however, the receiving party may not request paper copies for the purposes of reviewing the source code in the first instance. In no event may the receiving party print more than twenty-five (25) consecutive pages, or an aggregate total of more than five hundred (500) pages of Source Code during the duration of the case without prior written approval by the producing party. Within five (5) business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored pages being production numbers and the designation "RESTRICTED – CONFIDENTIAL SOURCE CODE" unless objected to as discussed below. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured area in a manner that prevents duplication of or unauthorized access to the source code. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as provided in Paragraph 4(H).

(G)     If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

(H)     The receiving party may only include in court filings or expert reports (and drafts thereof) images of those lines of source code that are reasonably necessary to the prosecution or defense of this case, and any such document, court filing, or expert report must be designated "RESTRICTED – CONFIDENTIAL SOURCE CODE" and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

3

(I)     The receiving party may make no more than three (3) additional paper copies of any portions of the source code files, not including copies attached to court filings or trial and hearing demonstrative exhibits. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.

(J)     Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers and the Party that brought the source code to the deposition will keep possession of the marked deposition source code exhibit.

(K)     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's "RESTRICTED CONFIDENTIAL – SOURCE CODE" material under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.

Signed on _____, at Houston Texas.


_____
Judge Keith P. Ellison
United States District Judge

4