# EXHIBIT D

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

_____ DIVISION

| | | |
|---|---|---|
| [PARTY NAME] | § § § § | |
| *Plaintiff,* | § | |
| *versus* | § § § | Civil Action No. _____ |
| [PARTY NAME] | § § | |
| *Defendant.* | § § | |

| | | |
|---|---|---|
| OBM, INC. | § § § | |
| *Plaintiff,* | § | |
| *versus* | § § § | Civil Action No. 4:23-cv-01798 |
| LANCIUM LLC | § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § | |

**PROTECTIVE ORDER**

The Court enters the following Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P."). It is hereby **ORDERED**:

**1. Proceedings and Information Governed.** This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2. Designation and Maintenance of Documents and Information.**

**A.** "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or

Patent Protective Order

commercial information is of technical or commercial advantage to its possessor, or other information required by law or agreement to be kept confidential. <ins>Notwithstanding the provisions of Paragraph 3, all produced or reviewed source code of a party shall be considered Confidential Information regardless of whether marked as such.</ins>

<del>B.</del>   <del>The "Highly Confidential Information" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for</del> <del>the preparation or prosecution of a patent application dealing with such subject matter.</del>

<ins>B.</ins>   <del>C.</del>"Confidential Information" and <del>"Highly</del> "Confidential Information" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3.   Documents Produced in Discovery and Depositions.**

A.   Documents and things produced during the course of this litigation within the scope of paragraph 2(A) <del>or 2(B)</del> above, may be designated by the producing party as containing "Confidential

~~A.~~Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**~~INFORMATION SUBJECT TO PROTECTIVE ORDER~~

~~Documents and things produced during the course of this litigation within the scope of paragraph 2(BA) above may be designated by the producing party as containing "Highly Confidential Information" by placing on each page and each thing a legend substantially as follows:~~

~~**HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**~~

Similar legends that include the word "Confidential" will suffice, such as "Highly Confidential" or "Highly Confidential – Attorneys Eyes Only," so that such legends that have previously been applied to documents in other litigations need not be regenerated for this matter. All produced or reviewed source code of a party shall be considered Confidential Information regardless of whether marked as such.

**B.** ~~B.~~**Depositions**

(i) For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" ~~or "Highly Confidential Information"~~ by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii) If no such designation is made at the time of the deposition, any party has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as "Confidential Information"~~ and "Highly Confidential Information."~~.

(iii) During the transcription and following fourteen (14) day period after a deposition session, the transcript and exhibits must be treated as ~~Highly~~ Confidential Information, unless the disclosing party consents to less confidential treatment of the information.

(iv) Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information ~~or Highly Confidential Information~~ in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v) If no such designation is made at the deposition or within the fourteen (14) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information ~~or Highly Confidential Information~~.

~~(vi)~~
**4.     Inadvertent Failure to Designate.**

Patent Protective Order

    **A.**  The inadvertent failure to designate a document as "~~Confidential Information" or "Highly~~ Confidential Information" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

    **B.**  In the event a producing party late designates a document as "~~Confidential Information" or "Highly~~ Confidential Information," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" ~~or "Highly Confidential Information"~~ designation.

**5.**  Challenges to Designations. A party's designation of documents "Confidential~~Information" or "Highly Confidential~~

~~5.~~Information" is not binding if the procedures below are followed:

      **A.**     A receiving party may challenge a producing party's designation at any time. Any receiving party may request in writing that the producing party change the designation. The producing party within fourteen (14) days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

      **B.**     If the parties are unable to reach agreement after the expiration of this fourteen (14) day period, they shall confer. If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information.

      **C.**     Until the presiding judge has ruled on a dispute under this paragraph, the "~~Confidential Information" or "Highly~~ Confidential Information" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

**6.**     ~~6.~~Disclosure and Use of Confidential Information.

      **A.**     Information designated as "Confidential Information" ~~or "Highly Confidential Information" may~~ only be used for purposes of preparation, trial, and appeal of this action. "~~Confidential Information" or "Highly~~ Confidential Information" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

      **B.**     Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) ~~two employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two in-house counsel who are identified by the receiving party; (c)~~ outside counsel of record who have filed an appearance in this action for the receiving party; (~~d~~b) supporting personnel employed by (~~b) and (c~~a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (~~e~~c) experts or consultants and their support staff; and (~~f~~d) any persons requested by counsel to furnish administrative or copying services for purposes of preparation, trial, and/or appeal of this action such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.

      ~~D.~~     ~~Subject to paragraph 9 below, "Highly Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record for the receiving party;~~

      **C.**     ~~(b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; (d) those individuals designated in paragraph 6(F)(e) below; (e) any persons requested by counsel to furnish services for purposes of preparation, trial, and/or appeal of this action such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents provided that all such persons agree in writing to maintain the confidentiality of the disclosed materials; and (f) if agreed by the parties,~~

Patent Protective Order

~~one in-house counsel with no current involvement in the preparation or prosecution of patent applications~~Any attorney or patent agent, and any person associated with a Party that is permitted to receive the other Party's Confidential Information, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's "Confidential Information" under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent(s)-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.

   **D.** ~~E.~~Further, prior to disclosing "Confidential Information" ~~or "Highly Confidential Information" to~~ a receiving party's proposed expert, or consultant~~, or employees~~, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within fourteen (14) days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed

Patent Protective Order

individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

**E.** ~~F.~~Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

**F.** ~~G."Confidential Information" or "Highly~~ "Confidential Information" may be disclosed to a person who is not already allowed access to such information under this Protective Order if:
(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); (b) the designating party is ~~the person or is~~ a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees _in writing_ that the _specific_ material may be disclosed to the person. In the event of disclosure under this section 6(F), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this section 6(F) does not constitute a waiver of the confidential status of the material so disclosed.

**7.** ~~7.~~**Non-Party Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**8.** ~~8.~~**Filing Documents With the Court.**

Any party may submit Confidential Information to the court under seal by identifying the document by name and designating the document "sealed" in the CM/ECF system of the court. If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

**CONFIDENTIAL INFORMATION**

**[case caption]**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order
governing the use of confidential discovery material.**

Patent Protective Order

**9.** ~~9.~~**No Prejudice.**

Producing or receiving "~~Confidential Information" or "Highly~~ Confidential Information," or otherwise complying with the terms of this Protective Order, will not: (a) operate as an admission by any party that any particular "~~Confidential Information" or "Highly~~ Confidential Information" contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**10.** ~~10.~~**Conclusion of Litigation.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "~~Confidential Information" or "Highly~~ Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order. Nothing in this Protective Order requires the return or destruction of any information that is required by law to be retained or that is stored in back-up/archive systems as a result of the ordinary operation of such systems.

**11.** ~~11.~~**Other Proceedings.**

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential Information" ~~or "Highly Confidential Information"~~ pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**12.** ~~12.~~**Remedies.**

This Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**13.** ~~13.~~**Relief from Protective Order.**

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Patent Protective Order

**14.     Federal Rule of Evidence 502(d)**

The parties having agreed to a clawback agreement, and good cause appearing therefore, the Court hereby orders as follows:

For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, or other applicable privilege.

Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind provided that, pursuant to Federal Rule of Evidence 502(b), (1) the disclosure of the document was inadvertent, (2) the producing party took reasonable steps to prevent disclosure, and (3) the producing party promptly took reasonable steps to rectify the error.

A producing party may demand the return of any Inadvertently Produced Document, which demand shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within five (5) business days of the demand for the Inadvertently Produced Document, the producing party shall provide the receiving party with a written privilege description for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

Upon receipt of a written demand for return of an Inadvertently Produced Document, the receiving party shall immediately return or destroy the Inadvertently Produced Document (and any copies thereof) to the producing party and shall immediately delete all electronic versions of the document.

The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of its receipt of a written demand for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced Documents in this litigation.

Signed on_____, at ~~City, State~~Houston Texas.

_____
Judge~~'s Name~~ Keith P. Ellison United States

Patent Protective Order

District Judge

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

~~_____ DIVISION~~

~~[PARTY NAME]~~

~~Plaintiff,~~

~~versus~~

~~[PARTY NAME]~~

~~Defendant.~~

§
§
§
§
§
§
§
§
§

~~Civil Action No. _____~~

OBM, INC.

         *Plaintiff,*

versus

LANCIUM LLC

         *Defendant.*

§
§
§
§
§
§
§
§
§

Civil Action No. 4:23-cv-01798

JURY TRIAL DEMANDED

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY**

    I_____, under penalty of perjury, 28 U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "~~Confidential Information" or "Highly~~ Confidential Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

Patent Protective Order

5. I agree not to use any "~~Confidential Information" or "Highly~~ Confidential Information" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7. I understand that I am to retain all documents or materials designated as or

Patent Protective Order

containing "~~Confidential Information" or "Highly~~ Confidential Information" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" ~~or "Highly Confidential Information"~~ are to be returned to counsel who provided me with such documents and materials.

Signed at_____,_____, this_____, day of , 20   .

                                                                                           _____
                                                                                                      Signature

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION



| OBM, INC. | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action No. 4:23-cv-01798 |
| | § | JURY TRIAL DEMANDED |
| LANCIUM LLC | § | |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I_____, under penalty of perjury, 28 U.S.C. § 1746, that:

1. Information, including documents and things, designated as "Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2. I have been given a copy of and have read the Protective Order.

3. I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at_____,_____, this_____, day of , 20   .

                                                                                                  _____
                                                                                                              Signature